UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
JUAN VASQUEZ,                            :
                    Petitioner,          :
                                         :    07 Civ. 7575 (DLC)
          -v-                            :
                                         :    OPINION & ORDER
H.D. GRANHAM, Superintendent, Auburn     :
Correctional Facility,                   :
                    Respondent.          :
                                         :
-----------------------------------------X

Appearances:

Pro se Petitioner:
Juan Vasquez
04-A-2617
Auburn Correctional Facility
135 State Street
Box 618
Auburn, NY 13024

For Respondent:
Alyson J. Gill
Ashlyn Dannelly
Assistant Attorneys General
New York State Office of the Attorney General
120 Broadway
New York, NY 10271

DENISE COTE, District Judge:

   Juan Vasquez brings this timely pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on one count of Assault in the First Degree, N.Y. Penal Law § 120.10(1). This case was referred to Magistrate Judge Michael H. Dolinger for a report and recommendation ("Report"). The Report was issued on August 11, 2008, and

recommends that the writ be denied and the petition dismissed on the grounds that Vasquez's claim is not cognizable on habeas review and is without merit. Vasquez has not filed any objections to the Report. This Opinion adopts the Report.

The facts relevant to the petition are set forth in the Report and summarized here, or taken from the trial transcript. On June 10, 2003, Vasquez threw a pan of hot oil at his girlfriend, Rosa Rodriguez Santos ("Rodriguez"). Vasquez was charged with one count of Assault in the First Degree and one count of Criminal Contempt in the First Degree. He went to trial before a jury in March 2004 in the Supreme Court of the State of New York, with the Honorable Philip M. Grella presiding. The evidence at trial established the following.

On the day of the incident, Vasquez met up with Rodriguez around 1:00 A.M. after she had finished work at a restaurant, and they walked home together. During the walk home, Vasquez questioned her about men who were at the restaurant, which made Rodriguez nervous. After returning home, Rodriguez went to bed, but she awoke during the night to find Vasquez walking back and forth holding a table knife, which he placed under his pillow. Later that morning, Vasquez and Rodriguez left the house, and they returned separately that afternoon. Vasquez questioned Rodriguez about where she had just been. Observing that Vasquez "was not doing well," Rodriguez went into the bathroom to call

her brother.  When she exited the bathroom, she found Vasquez heating a pan of oil on the stove over a high flame, such that the oil was "bubbling" and "splashing."  Rodriguez asked Vasquez why he was heating oil, and he responded that he was planning to heat up food.  Rodriguez told him that there was no food there to heat.  Vasquez then left the kitchen, and Rodriguez turned off the flame.  Rodriguez then returned to the kitchen, and Vasquez followed shortly thereafter.  Vasquez grabbed the frying pan with the oil and threw the oil at Rodriguez's face, hitting the left side of her face and her arm.  The amount of time that passed from when Rodriquez turned off the flame to when Vasquez hit her with the oil was about four minutes.

After Vasquez threw the oil at Rodriguez, he took her pocketbook and left the apartment.  Rodriguez went to a friend's house, and when she arrived there she was crying and her face was very red.  She was rubbing her face with a towel because of the pain.  Rodriguez's friend called the police and accompanied Rodriguez to New York Presbyterian Hospital in an ambulance.

Dr. Roger Yurt, a physician at the hospital, testified as to the nature of Rodriguez's injuries stemming from the incident.  Rodriguez's emergency room records stated that she had a burn on the left side of her face and on her right arm.  In light of these injuries, she was admitted to the Burn Intensive Care Unit of the hospital, and was discharged from the

hospital six days later.  While at the hospital, she was given morphine and Percocet to manage the pain from her injuries.

Dr. Yurt testified that Rodriguez had suffered second degree burns.  At the time of Rodriguez's hospital stay, the area of her skin affected by the burns was red.  Dr. Yurt explained that generally hot oil burns of the kind Rodriguez suffered heal within six months to a year, and that while they are healing discoloration is present, but that discoloration can remain after a year.  He also explained that after a year, second-degree burns usually do not change in appearance.  Dr. Yurt stated that as of the day before the trial, when he again examined Rodriguez, she still had discoloration on her face from the burns, but that her face looked better than it had before.

At the close of the evidence, Vasquez asked the court to charge the jury with, <u>inter alia</u>, Assault in the Second Degree under N.Y. Penal Law § 120.05(2) ("Assault in the Second Degree, Subsection 2"), which he argued was a lesser-included offense of Assault in the First Degree.  A person is guilty of Assault in the First Degree when he, <u>inter alia</u>, "[w]ith intent to cause <u>serious physical injury</u> to another person, he causes such injury . . . by means of a deadly weapon or a dangerous instrument." N.Y. Penal Law § 120.10(1) (emphasis supplied).  A person is guilty of Assault in the Second Degree, Subsection 2 when he "[w]ith intent to cause <u>physical injury</u> to another person, he

4

causes such injury . . . by means of a deadly weapon or a dangerous instrument." N.Y. Penal Law § 120.05(2) (emphasis supplied). The State joined in the request to charge this subsection of second-degree assault as a lesser-included offense.

The trial judge rejected this request, reasoning that because the mens rea of that subsection of second-degree assault only requires intent to cause physical injury, not intent to cause serious physical injury as required by the first-degree assault provision charged, the second-degree offense is based on a different theory and is thus not a lesser-included offense.

The jury convicted Vasquez of Assault in the First Degree. He was acquitted of Criminal Contempt in the First Degree. Vasquez was sentenced to twelve years in prison.

Vasquez appealed this conviction to the Appellate Division, First Department. He argued on appeal that the trial court had erred in refusing to charge Assault in the Second Degree, Subsection 2 as a lesser-included offense. He also argued in his reply papers that the State should not be allowed to defend the trial court's refusal on this point given that they joined in the original request to charge this lesser-included offense to the jury. The State conceded that Assault in the Second Degree, Subsection 2 was a lesser-included offense of the first-degree assault provision charged. The State argued, however,

that Vasquez was not entitled to such a lesser-included offense instruction in this case because there was no reasonable view of the evidence by which he could be convicted of the lesser charge but acquitted of the greater charge.

The Appellate Division affirmed the conviction in January 2006, stating that the evidence before the jury established that Vasquez heated a pan of oil and intentionally threw it in Rodriguez's face, causing protracted disfigurement. People v. Vasquez, 810 N.Y.S.2d 124, 124 (1st Dep't 2006). On these facts, the Appellate Division found that "[t]here was no reasonable view of the evidence, viewed most favorably to [Vasquez], that he only caused, or only intended to cause, nonserious physical injury," id., and as such the lesser-included offense instruction was not warranted. In April 2006, Vasquez's application for leave to appeal to the Court of Appeals was denied.

The instant petition was received by this Court's Pro Se Office on July 27, 2007. The petition challenges Vasquez's conviction on one ground: that the state trial court erred in failing to submit to the jury a lesser-included offense instruction for Assault in the Second Degree.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and

recommendations of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Figueroa v. Riverbay Corp., No. 06 Civ. 5364(PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review Section 2254 petitions. Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2).

For the reasons amply described in the Report and below, Vasquez has failed to show that the claim in this petition is cognizable on federal habeas review, or that it has merit. First, the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," "refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" Brown v. Alexander, --- F.3d ---, No. 07-1780, 2008 WL 4287864, at *4 (2d Cir. Sept. 22, 2008) (quoting Williams v.

7

Taylor, 529 U.S. 362, 412 (2000)). In Beck v. Alabama, 447 U.S. 625, 637-38 (1980), the Supreme Court held that in capital cases, a defendant has a due process right to a lesser-included offense instruction if the evidence supports such an instruction. The Court, however, explicitly declined to decide the question of whether a defendant has such a right in a non-capital case. Id. at 638 n.14. The Second Circuit has likewise declined to consider this question in the habeas context. See Knapp v. Leonardo, 46 F.3d 170, 179 (2d Cir. 1995) ("Neither the Supreme Court nor this circuit has decided whether the failure to instruct the jury on lesser included offenses in noncapital cases is a constitutional issue that may be considered on a habeas petition."). In light of the fact that the Supreme Court has expressly declined to rule on the question of whether a defendant has a due process right to a lesser-included offense instruction in a non-capital case, it cannot be said that the state trial court's refusal in Vasquez's case to give a lesser-included offense instruction was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Thus, Vasquez's claim in this case cannot be the basis for habeas relief.

Second, even assuming that a refusal to submit a lesser-included offense instruction that the evidence supported

violated due process, it cannot be said that the Appellate Division's conclusion in this case -- that Vasquez was not entitled to a lesser-included offense instruction -- was unreasonable.  Under New York law, a court may not submit a lesser-included offense instruction to the jury unless "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater."  N.Y. Crim. Proc. Law § 300.50(1).

Vasquez was convicted of Assault in the First Degree, which required, inter alia, that he intended to cause, and did cause, "serious physical injury."  N.Y. Penal Law § 120.10(1).  Assault in the Second Degree, Subsection 2, which Vasquez argues should have been charged as a lesser-included offense, requires, inter alia, that the defendant intend to cause, and in fact does so cause, "physical injury."  N.Y. Penal Law § 120.05(2).  "'Physical injury' means impairment of physical condition or substantial pain."  N.Y. Penal Law § 10.00(9).  "Serious physical injury" means physical injury which, inter alia, "creates a substantial risk of death, or which causes death or serious and protracted disfigurement."  N.Y. Penal Law § 10.00(10).

The scarring and disfigurement of Rodriguez's face from her burn injuries was still visible at the time of the trial (some nine months after the incident), and Dr. Yurt stated that

scarring and disfigurement that remained after a year is not likely to change.  This evidence demonstrates that Rodriguez's injuries constituted "serious and protracted disfigurement," and therefore "serious physical injury" under New York law.  See, e.g., People v. McDuffie, 740 N.Y.S.2d 48, 49 (1st Dep't 2002) ("the jury observed the victim's permanent scars and could have reasonably concluded that they constituted protracted disfigurement"); People v. Wade, 590 N.Y.S.2d 245, 246 (2d Dep't 1992) (evidence sufficient to support first degree assault where victim had been cut in face with razor and where scar was visible eight months after incident).  The record further shows that Vasquez heated oil over a stove until it was bubbling and splashing, and then threw it at Rodriguez's face shortly thereafter.  On these facts, the Appellate Division's conclusion that there is no reasonable view of the evidence that would support a finding that Vasquez intended to cause "physical injury," but not "serious physical injury," was not unreasonable.  See, e.g., People v. Franco, 708 N.Y.S.2d 62, 63 (1st Dep't 2000) ("Given the force of defendant's blow delivered suddenly and directly to the assault victim's eye, there was no reasonable view of the evidence that defendant intend [sic] to cause non-serious physical injury.").  Vasquez's claim for habeas relief is therefore without merit.[1]

---

[1] Vasquez argued in his state appellate reply brief that the

CONCLUSION

The recommendation of Magistrate Judge Dolinger is adopted and the petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Vasquez has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). Moreover,

---

State should be judicially estopped from defending the trial judge's refusal to give the lesser-included offense instruction on the ground that the evidence did not warrant it, since it had originally joined in the request to the trial judge to give such an instruction. Vasquez repeated this estoppel argument in his submissions to the Magistrate Judge on the instant petition. The Appellate Division did not address this argument in upholding Vasquez's conviction. As the Appellate Division's application of the doctrine of judicial estoppel to the State in this case implicates an issue of state law, it cannot be the basis of habeas relief. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Further, even if federal law were to apply to Vasquez's assertion that the State should be judicially estopped from arguing that there was no reasonable view of the evidence that would support the requested instruction, in order for the doctrine of judicial estoppel to apply to a party, the position the party advanced in the first proceeding must have been adopted or accepted in some way by the first tribunal. See Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. v. Schreiber, 407 F.3d 34, 45 (2d Cir. 2005). In this case, the state trial court rejected the joint request to charge Assault in the Second Degree, Subsection 2 as a lesser-included offense, and therefore did not accept the State's initial position.

11

Vasquez made no objection to the Report, and as the Report so advised him, he has waived his right to appeal. <u>Cephas v. Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003). The Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated:   New York, New York
         October 7, 2008

_____
DENISE COTE
United States District Judge

Copies sent to:

Juan Vasquez  
04-A-2617  
Auburn Correctional Facility  
135 State Street  
Box 618  
Auburn, NY 13024

Alyson J. Gill  
Ashlyn Dannelly  
Assistant Attorneys General  
New York State Office of the Attorney General  
120 Broadway  
New York, NY 10271